MALDONADO, DEMANDANTE Y APELANTE, *v.* RAMOS ET AL., DEMANDADOS Y APELADOS.

Apelación procedente de la Corte de Distrito de Ponce en pleito sobre reivindicación.

No. 1463.—Resuelto en julio 7, 1916.

POSESIÓN EN CONCEPTO DE DUEÑO—EXPEDIENTE POSESORIO—BUENA FE—JUSTO TÍTULO.—La posesión que se acredita siguiendo el procedimiento marcado en la Ley Hipotecaria, se inscribe en el registro sin perjuicio de tercero que tenga mejor derecho a la propiedad, y el que adquiere del que de tal modo aparece como dueño en el registro, se expone a que surja en el futuro el tercero que demuestre su mejor derecho, pero tal riesgo se corre solamente mientras la prescripción no haya convalidado los derechos del adquirente.

Una vez que han pasado diez años entre presentes o veinte entre ausentes, el comprador, si actuó de buena fe, tiene un título superior a cualquier otro que pueda presentarse. Artículos 1858 y 1859 del Código Civil Revisado.

ID.—PRESCRIPCIÓN—BUENA FE—TERCEROS—MEJOR DERECHO A LA PROPIEDAD.— En este caso se probó que D. D. y F. promovió ante el tribunal competente en 15 de abril de 1898 un expediente para acreditar a su favor la posesión en concepto de dueño de la finca reclamada por la demandante; que aprobado el expediente en agosto 28, 1898, se inscribió en el registro de la propiedad en septiembre 29 del mismo año; que en 3 de septiembre de 1898, D. D. y F. vendió por escritura pública que se inscribió en el registro, la dicha finca a P. A.; que P. A. la poseyó pública y pacíficamente, con buena fe, y la vendió luego, en 1914, a los demandados. *Se resolvió:* que los demandados pudieron alegar, como alegaron, con éxito, el título de prescripción en una acción reivindicatoria establecida contra ellos por persona que jamás se ausentó de Puerto Rico.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. R. Martínez Nadal.*

Abogados de los apelados: *Sres. José y Manuel Tous Soto.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un pleito sobre reivindicación. María Loreto Maldonado Colón alegó en su demanda que era dueña, a título de herencia de su padre Bruno Maldonado, de cierta finca rústica de veinte y cinco cuerdas que ocupaban ilegalmente los demandados. Estos contestaron negando ciertos hechos de la demanda, alegando como materia nueva que Bruno Maldonado había vendido la finca de que se trata en 1888, y como defensa especial la prescripción.

En el acto del juicio se practicó prueba documental y testifical por ambas partes y el 3 de diciembre de 1915 la corte dictó sentencia a favor de los demandados y en contra de la demandante. Y contra esa sentencia interpuso la demandante el presente recurso de apelación.

Con respecto a la venta de la finca de 1888 por el padre de la demandante a Dionisio Durán, la prueba resultó contradictoria. Unos testigos afirmaron que tal venta se llevó a efecto. Otros que Bruno Maldonado se limitó a arrendar su finca. Según se desprende de la relación del caso y opinión de la corte sentenciadora, el conflicto no fué por ella

resuelto expresamente. La corte basó su fallo en la defensa especial de los demandados.

Se probó en efecto en el acto de la vista que Dionisio Durán y Figueroa promovió ante el extinguido juzgado de primera instancia de Ponce el 15 de abril de 1898 un expediente para acreditar a su favor la posesión de cierta finca rústica de 25 cuerdas, situada en el barrio de "Montes llanos," lugar del "Seto," del término municipal de Ponce, o sea de la misma finca que reclama la demandante como suya. El expediente se aprobó por auto judicial de 28 de agosto de 1898 y se inscribió en el registro el 29 de septiembre del mismo año. El 3 de septiembre de 1898 Dionisio Durán por escritura pública vendió la finca con pacto de retro a Pedro Auffant, venta que quedó consumada según nota puesta en el registro el 19 de diciembre de 1902. Auffant poseyó la finca pública y pacíficamente, con buena fe y por virtud del título de compra expresados y en 1914 la vendió por escritura pública a los demandados quedando inscrita la venta en el registro de la propiedad el 18 de junio de 1914. Ni la demandante ni su causante Bruno Maldonado se ausentaron jamás de la Isla de Puerto Rico. La demanda de reivindicación se interpuso el 1 de junio de 1915.

No hay cuestión en verdad con respecto a la buena fe de Auffant y al tiempo durante el cual poseyó la finca que vendiera a los demandados, pero la apelante sostiene que el título por virtud del cual adquirió Auffant no es el "justo título" que la ley exige para que pueda adquirirse por prescripción. La contención del apelante ha sido resuelta en sentido contrario por esta misma Corte Suprema en el caso de *Teillard* v. *Teillard y otros*, 18 D. P. R. 562, citado por la corte sentenciadora.

Auffant no compró a una persona que simplemente hubiera estado en posesión de la finca, sino a un poseedor que mediante un expediente tramitado de acuerdo con la ley había acreditado el hecho de la posesión en concepto de dueño. Desde 1898 la posesión de la finca con buena o mala fe quedó

acreditada judicialmente e inscrita en el registro a favor de Dionisio Durán. Desde ese mismo año, actuando de buena fe y adquiriendo de quien no sólo estaba en posesión material de la finca como dueño, si que también había acreditado tal hecho de conformidad con la ley, entró a poseer Auffant y estuvo poseyendo por unos diez y seis años hasta que en 1914 vendió a los demandados.

Entiéndese por justo título, (art. 1853 del Código Civil), el que legalmente basta para transferir el dominio o derecho real de cuya prescripción se trate, y a nuestro juicio, el título que ostentaba Durán cuando vendió a Auffant era aparentemente un justo título bastante para transferir el dominio de la finca vendida.

Se dirá que la posesión en tales casos consta inscrita sin perjuicio de tercero de mejor derecho. En efecto eso es así y todo el que adquiere de aquel que ostenta un título posesorio tramitado según la Ley Hipotecaria, se expone a que surja en el futuro ese tercero que demuestre un mejor derecho a la propiedad que se le vendiera. Pero tal riesgo sólo se corre mientras la prescripción no haya convalidado los derechos del adquirente. Una vez que han pasado diez años entre presentes o veinte entre ausentes, el comprador, si actuó de buena fe, tiene un título superior a cualquier otro que pueda presentarse. Artículos 1858 y 1859 del Código Civil.

Por virtud de lo expuesto y sin necesidad de que entremos a discutir las excepciones tomadas por la demandante mientras se practicaba la prueba, por carecer dichas excepciones de importancia, opinamos que debe confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.